UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAVID CARMINE LETTIERI,

        Plaintiff,

v.

SUFFOLK COUNTY POLICE,

        Defendant.

**MEMORANDUM & ORDER**
24-CV-3402 (HG) (MMH)

---

**HECTOR GONZALEZ**, United States District Judge:

On April 29, 2024, Plaintiff David Carmine Lettieri filed this *pro se* complaint under 42 U.S.C. § 1983 against the Suffolk County Police Department, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 1 at 3 (Complaint); ECF No. 2 (IFP Motion). For the reasons set forth below, Plaintiff's application to proceed IFP is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff is currently detained at Niagara County Jail, located in the Western District of New York, following his conviction in that district for enticement of a minor in violation of 18 U.S.C. § 2422(b), *see United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023). ECF No. 1 at 2. As best as the Court can ascertain from Plaintiff's complaint, Plaintiff appears to assert that a prior Suffolk County court case was improperly unsealed and used in his Western District of New York case. *Id.* at 5. Plaintiff vaguely alleges violations of "due process . . . breach of contract . . . [and] cruel and unusual punishment." *Id.* at 3. Plaintiff also alleges a "*Monell* claim" and a claim for "[f]ailure to train and supervise." *Id.*

Based on the Court's review of publicly available dockets in the Western District, Plaintiff has filed over 60 civil cases, many of which he has purportedly brought on an IFP basis, seeking permission to commence those cases without prepaying the district's filing fee. In

response, the Western District has commenced a miscellaneous proceeding in which it has ordered Plaintiff to show cause why he should not be prohibited from filing any new actions without paying the applicable filing fees or submitting proper requests for IFP status. *See In re David C. Lettieri*, No. 23-mc-32 (W.D.N.Y. Sept. 5, 2023), ECF No. 1 (Order to Show Cause).

The statute that authorizes plaintiffs to receive IFP status also contains a prohibition, commonly known as the "three strikes rule," that provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Dismissing the complaint is the proper remedy when a plaintiff seeks IFP status but is ineligible to receive such status under 28 U.S.C. § 1915(g). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) ("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding IFP, and, therefore, properly dismissed his complaint.").[1] A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice to [the plaintiff's] right to file new actions with payment of the filing fees." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

Plaintiff falls within this prohibition because at least three of the cases that he has filed in the Western District on an IFP basis were dismissed *sua sponte* for failure to state a claim before Plaintiff commenced this case in this District. *See, e.g.*, *Lettieri v. W. Dist. of N.Y.*, No. 23-cv-770 (W.D.N.Y. Sept. 11, 2023), ECF No. 7 (Dismissal Order) (granting plaintiff IFP status but dismissing complaint based on alleged failure by clerk's office employees to mail case filings pursuant to "28 U.S.C. §§ 1915(e)(2)(B) and 1915A on the basis of immunity"); *Lettieri v. U.S. Dep't of Justice*, No. 23-cv-866 (W.D.N.Y. Sept. 19, 2023), ECF No. 3 (Dismissal Order) (granting plaintiff IFP status but dismissing complaint against AUSA based on alleged violations of Federal Rules of Evidence at criminal trial "under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)"); *Lettieri v. Vilardo*, No. 23-cv-6498 (W.D.N.Y. Sept. 21, 2023), ECF No. 3 (Dismissal Order) (granting plaintiff IFP status but dismissing complaint because judge who presided over plaintiff's criminal trial was immune from civil suit based on his decisions related to the parties' proposed jury instructions).  Neither Plaintiff's complaint nor his application for IFP status make any attempt to allege that he is in imminent danger of serious physical injury that would override the prohibition in 28 U.S.C. § 1915(g).

Dismissing Plaintiff's claims pursuant to the three-strikes rule in 28 U.S.C. § 1915(g) is procedurally proper even though Plaintiff's IFP application is incomplete.  The IFP statute only exempts incarcerated plaintiffs from prepaying the fee to commence a case and authorizes courts to collect the fee over time from a plaintiff's prison account even if a court grants IFP status.  *See* 28 U.S.C. § 1915(b).  To facilitate this collection process, the Second Circuit has required incarcerated plaintiffs seeking IFP status to file a signed form authorizing such collection "before making any assessment of whether an appeal should be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Leonard v. Lacy*, 88 F.3d 181, 182 (2d Cir. 1996).  Although

3

Plaintiff has provided the Court with information about the balance of his account maintained by the facility where he is incarcerated, he has not provided the form authorizing the Court to collect money from that account.  However, even though Plaintiff's failure to provide the authorization form arguably precludes the Court from screening the merits of his claims, pursuant to 28 U.S.C. § 1915(e), it does not preclude the Court from dismissing Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(g).  Such a dismissal denies Plaintiff IFP status without assessing the merits of his claims, requires him to pay the filing fee upfront, and does not trigger the process by which the Court may collect the filing fee in installments from Plaintiff's prison account.  *See Meyers v. Birdsong*, 83 F.4th 1157, 1161 (9th Cir. 2023) (holding that "§ 1915(b) neither permits nor requires the collection of fees" from a prisoner who seeks IFP status but whose request is denied pursuant to 28 U.S.C. § 1915(g)); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29–30 (D.C. Cir. 1999) (holding that prisoner whose request for IFP status was denied pursuant to 28 U.S.C. § 1915(g) was not required to pay filing fee out of prison account).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's application to proceed IFP is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court is respectfully directed to enter judgment, close this case, and to mail a copy of this Order and eventual judgment to Plaintiff.  The Clerk of Court is further directed to mail a copy of this order to the Clerk of Court for the Western District of New York.

4

If Plaintiff wishes to reassert his claims, he must file a new action and pay the $405.00 filing fee to the Clerk of Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

       /s/ Hector Gonzalez
       HECTOR GONZALEZ
       United States District Judge

Dated: Brooklyn, New York
       May 22, 2024